UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAREK KITLINSKI,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**DEPARTMENT OF JUSTICE,** )<br>*Office of Professional Responsibility*, )<br>)<br>**Defendant.** )<br>) | Case No. 24-cv-03199 (APM) |

## ORDER

In this Freedom of Information Act (FOIA) case, the only disputed issue is the scope of the agency's search. Plaintiff sought electronic communications containing the keyword "Kitlinski"—his last name—possessed by Department of Justice Office of Professional Responsibility (OPR) employee William J. Birney from January 2018 to the date of the search. Compl., ECF No. 1, Ex. A, ECF No. 1-1, at 4. One of the document systems Defendant searched is known as Microsoft M365 ("M365"), which is a cloud-based repository of "all email, encrypted email, calendars, Teams, and voicemail." Decl. of Carmen Smith Carter, ECF No. 13-2 [hereinafter First Carter Decl.], ¶ 9. Two searches of M365 using the keyword "Kitlinksi" yielded no results. *Id.* ¶ 11; Suppl. Decl. of Carmen Smith Carter, ECF No. 17-1 [hereinafter Suppl. Carter Decl.], ¶ 4.

Plaintiff insists that the search of M365 was inadequate for two reasons. First, "the M365 search was improperly narrowed to 'capture any email communications between Plaintiff and Mr. Birney (Carter Decl. ¶ 11), despite Plaintiff's request for all emails containing 'Kitlinski.'" Pl.'s Opp'n to Def.'s Mot. for Summ. J., ECF No. 15 [hereinafter Pl.'s Opp'n], at 4. The court understands why Plaintiff makes this argument. The First Carter Declaration does say the

submitted M365 search request sought "to capture any email communications between Plaintiff and OPR Senior Associate Counsel Birney," First Carter Decl. ¶ 11, when Plaintiff sought *any* electronic communication possessed by Birney that contained his last name. But the Supplemental Carter Declaration clears up the misunderstanding. There, Carter explains that the electronic search conducted using the keyword "Kitlinski" would have captured "any and all email communications" containing that term, not just emails between Plaintiff and Birney. Suppl. Carter Decl. ¶ 4. The search was adequate in that respect.

Second, Plaintiff contends that Defendant "failed to confirm searching M365's journaled emails, which preserve immutable copies of all emails, including those potentially deleted by users . . . ." Pl.'s Opp'n at 4. The court agrees. According to Plaintiff, who has experience with M365, that software "journal[s] emails," a process that retains an email even if deleted by the custodian. Pl.'s Opp'n, Aff. of Darek J. Kitlinski, ECF No. 15-2, ¶¶ 11–14. Defendant does not deny that M365 has this functionality. Nor does it assert that its search would have captured responsive journaled emails. Instead, they respond that "Plaintiff did not inquire about a search for 'journaled emails' or 'archived records' until after OPR completed its search; 'journaled emails' or 'archived records' are not mentioned in his Complaint, let alone in his FOIA request." Def.'s Mot. for Summ. J., ECF No. 13, at 9 (internal citations omitted). But that argument improperly shifts the burden to Plaintiff. At summary judgment, the agency must demonstrate "beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (internal quotation marks and citation omitted). Such search must include records systems where responsive material might reasonably be found. *See Watkins L. & Advoc., PLLC v. U.S. Dep't of Just.*, 78 F.4th 436, 442 (D.C. Cir. 2023). So, here,

if M365 saved "journaled emails" of Birney's for the relevant time period, it was incumbent upon Defendant to search them. If they failed to do so, its search was not adequate.

For the foregoing reasons, the parties' Cross-Motions for Summary Judgment, ECF Nos. 13, 16, are denied. By February 9, 2026, Defendant shall either (1) file a supplemental affidavit that verifies that its searches of M365 included a search of "journaled emails" or (2) run an expanded search of M365 to include "journaled emails" and submit a Status Report that updates the court on the results of such search.

Dated: January 9, 2026

Amit P. Mehta
United States District Court Judge